Patrick McHugh *vs.* Providence Gas Co.

JUNE 7, 1911.

Present:    Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)    *Master and Servant.    Negligence.    Burden of Proof.*

Upon the issue as to whether defendant used a valve and pipe which were defective, which defect it knew or would have known had it used due care, the accident being the same as that before the court in *Mulvey* v. *Providence Gas Co.*, 30 R. I., 547, and the evidence tending to establish facts substantially similar to those in such case, the court is unable to find any negligence on the part of defendant, leaving the cause purely conjectural, and the plaintiff has failed to sustain the burden of proof.

TRESPASS ON THE CASE for negligence.    Heard on exceptions of plaintiff and overruled.

BLODGETT, J.    This is an action for personal injuries, tried to a jury on November 7th and 9th, 1910, in the Superior

Court and resulted in the granting of a nonsuit at the close of the plaintiff's evidence. The plaintiff is now before this court on his bill of exceptions duly allowed, in which he claims prejudicial error was committed against him by the granting of defendant's motion for a nonsuit, and by the admission and exclusion of certain evidence.

The accident forming the basis of this action is the same accident which was before this court in the case of *Mulvey* v. *Providence Gas Company*, 30 R. I. 547 (1910); the plaintiff is the McHugh mentioned on pages 548 and 549 in the opinion in that case, and the pleadings, with the exception of the name of the plaintiff and a slightly reduced *ad damnum* in the declaration, are identical with the pleadings before the court in that case. The plaintiff states his cause of action in two counts, both of which base his right to recover on the alleged negligence of the defendant. In the first count it is alleged that the plaintiff was injured because the defendant used in its process of manufacturing gas a certain pipe and valve which were defective, and which the defendant "knew, or but for want of reasonable care and diligence would have known," were defective. In the second count the defendant is alleged to have been negligent because it did not exercise a reasonable inspection so as to keep and maintain in safe repair its said pipe and valve. To each count the defendant filed the general issue. The issue, as framed by the pleadings, in so far as the negligence of the defendant was concerned, was therefore: "Did the defendant use a valve and pipe which were defective, which defect it knew or would have known had it used due care?"

(1) The evidence at the trial of this case tended to establish facts substantially similar to those set forth in the opinion of the court in the *Mulvey* case. The court has examined the pipe and the cotter bar and plate in use at the time of the accident and produced as an exhibit in this case and we are unable to find now, as we were unable to find in the *Mulvey* case, any negligence on the part of the defendant; and we remain of the opinion there expressed as to the cause of the accident.

We find no error of the trial justice on the exceptions relat-

ing to the admission and rejection of evidence and are of the opinion that the nonsuit was properly granted.

Plaintiff's exceptions overruled and case remitted to the Superior Court with direction to enter judgment as of nonsuit for the defendant.

*A. B. Crafts, John P. Brennan,* for plaintiff.

*Francis B. Keeney, Seeber Edwards, Edwards & Angell,* for defendant.